NUMBER 13-03-536-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

SHAWN
L. KACER,                                                  Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

                   On appeal from the 24th District Court 

                           of Jackson County,
Texas.

 

                     MEMORANDUM OPINION

 

    Before Chief Justice Valdez and
Justices Hinojosa and Yañez

                       Memorandum Opinion Per
Curiam

 








Appellant, Shawn L.
Kacer, pleaded guilty pursuant to a plea bargain to the offense of hindering a
secured creditor.  The trial court
suspended imposition of sentence and, in accordance with the agreement, placed
appellant on deferred adjudication community supervision for a period of ten
years.

Appellant filed a
notice of appeal.  The trial court has
certified that this "is a plea‑bargain case, and the defendant has
NO right of appeal" and that Athe defendant has
waived the right of appeal.@  See Tex.
R. App. P. 25.2(a)(2).

On June 8, 2004, this
Court notified appellant's counsel that the trial court's certification showed
no right to appeal and ordered counsel to (1) 
review the record; (2) determine whether appellant has a right to
appeal; and (3) forward to this Court, by letter, counsel's findings as to
whether appellant has a right to appeal, or, alternatively, advise this Court
as to the existence of any amended certification.

On July 14, 2004,
appointed counsel filed a letter brief with this Court.  Counsel's response does not establish (1)
that the certification currently on file with this Court is incorrect or (2)
that appellant otherwise has a right to appeal. 
Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides that,
in a plea bargain case in which the punishment does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant, a defendant may
appeal only those matters that were raised by written motion filed and ruled on
before trial, or after obtaining the trial court's permission to Appeal.   Tex.
R. App. P. 25.2(a)(2).  The record
reflects that no written motions were filed and ruled on before trial and the
trial court did not grant appellant permission to appeal.  We would further note that, according to our
review of the clerk's record, appellant expressly waived his right to appeal.








The Texas Rules of
Appellate Procedure provide that an appeal must be dismissed if the trial
court's certification does not show that the defendant has the right of
appeal.  Tex. R. App. P. 25.2(d); see Tex. R. App. P. 37.1, 44.3, 44.4.  The trial court's rule 25.2(d) certification
states that appellant has no right to appeal, and the certification is
supported by the record.  See Tex. R. App. P. 25.2(d); Dears v.
State, 154 S.W.3d 610, 614‑15 (Tex. Crim. App. 2005). Accordingly, this
appeal is DISMISSED. Any pending motions are denied as moot.

PER CURIAM

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed 

this the 19th day of January, 2006.